NOT RECOMMENDED FOR PUBLICATION
File Name: 17a0224n.06

No. 16-1829

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Apr 18, 2017
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| JOSEPH NYILAS; IRENE NYILAS; ROBERT NYILAS, | ) ) ) | |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT |
| JAMES STEINAWAY; CHRISTOPHER SCHMIDT; ANTHONY CLAYTON; SCOTT DOMINE, | ) ) ) | COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| Defendants-Appellees. | ) | |

**BEFORE:    BATCHELDER, ROGERS, and WHITE, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge**.  Robert Nyilas threatened his girlfriend with a baseball bat, took her phone so that she could not call the police, and then fled to the home of his parents, Joseph and Irene Nyilas, some thirty minutes away.  Deputy James Steinaway, Sergeant Christopher Schmidt, and Deputy Anthony Clayton traveled to the Nyilases' home to contact Robert.  The officers spent over ninety minutes knocking on the front door, ringing the doorbell, and walking around the house attempting to make contact with the Nyilases inside the home, but no one answered.

Law enforcement obtained search and arrest warrants for Robert after receiving no response at the Nyilases' home.  Lieutenant Scott Domine authorized use of a SWAT team to execute the warrants after learning of Robert's violent actions, the Nyilases' refusal to respond to law enforcement contact, and the suspected presence of weapons in the Nyilases' home.  Domine

also authorized deployment of a flash-bang grenade as a distraction technique during execution of the warrants. Throughout the SWAT team's deployment, Domine remained approximately 400 to 500 feet away from the Nyilases' home, and he did not approach until the warrant execution was complete.

The Nyilases filed a § 1983 suit against Steinaway, Clayton, Schmidt, and Domine, alleging that Steinaway, Clayton, and Schmidt engaged in an unconstitutional search of the Nyilases' home and its curtilage and that Domine used excessive force during execution of the search and arrest warrants.[1] The district court granted summary judgment on all claims in favor of the officers, finding that each officer was entitled to qualified immunity. *Nyilas v. Steinaway*, No. 14-cv-13122 (E.D. Mich. May 29, 2016) (order granting summary judgment).

The district court determined that, while Steinaway, Schmidt, and Clayton's extended stay on the Nyilases' property exceeded the bounds of the knock-and-talk exception to the warrant requirement and the implicit license to be on the property, there was no controlling case law at the time of the events to inform the officers that they had violated a constitutional right. *Id.*, slip op. at 13–14. The district court further found that Domine's decision to use a flash-bang grenade and SWAT team did not rise to the level of excessive force. The district court explained that, absent law enforcement's prolonged attempts to contact the Nyilases before entering the home, it would likely have found that the use of force was unreasonable. *Id.*, slip op. at 17–18. Nonetheless, given the unique situation presented to the officers, there was no clearly established law delineating the proper use of force. Therefore, the district court held, neither the extended knock and talk, nor use of a flash-bang grenade and SWAT team in these circumstances, was a

---

[1] The Nyilases also asserted a state-law claim for assault and battery. The district court, however, dismissed the state-law claim without prejudice early in the proceedings, declining to exercise supplemental jurisdiction. This dismissal is not before the court.

clearly established constitutional violation at the time of the officers' actions. *Id.*, slip op. at 14, 18, 19.

After carefully reviewing the record, the applicable law, and the parties' briefs, we are convinced that the district court did not err in its conclusion that, although the officers engaged in heavy-handed and intrusive conduct, they did not violate clearly established rules of constitutional law in these circumstances.[2] The district court's opinion carefully and correctly sets out the law governing the issues raised and clearly articulates the reasons underlying its decision. Thus, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM.

---

[2] We note that this case, although less egregious than the recent case of *Moore v. City of Memphis*, ___ F.3d ___, 2017 WL 1314932 (6th Cir. Apr. 10, 2017), presents another example of the all-too-ready use of SWAT tactics in circumstances in which the need to forcibly enter the home was less than clear. While the officers in this case did not violate clearly established rules of constitutional law, it is entirely likely that they could have achieved their goals using much less intrusive and dangerous means.